G. W. ANDERSON, ET AL. *v.* KATE H. AVERY, ET AL.

[Abstract Kentucky Law Reporter, Vol. 6—363.]

**Suit to Set Aside Fraudulent Conveyance.**

A creditor may proceed by attachment to set aside a fraudulent conveyance and subject the property to the payment of his debt when his claim has been reduced to judgment and execution has issued and been returned no property found, or he may sue in equity to set aside such a conveyance and subject the property to the payment of his judgment.

APPEAL FROM LOUISVILLE CHANCERY COURT.

November 29, 1884.

OPINION BY JUDGE HINES:

The only question we need consider is whether an action in equity can be entertained to set aside an alleged fraudulent conveyance when there is no judgment at law and no return of "no property."

The petition in this case states an indebtedness, that the debtor is dead, that his estate has been exhausted in distribution among his creditors, and seeks to subject a piece of real estate conveyed by the debtor to his daughter, upon the ground that the conveyance was made without consideration and for the purpose of cheating, hindering, and delaying the creditors of the grantor.

Appellants' remedy at law was ample to subject any property of the decedent, in the hands of his personal representative, to the satisfaction of his claim. So long as a remedy exists a Court of Equity has no jurisdiction to inquire into the validity of a conveyance made by the debtor to a third party. Whether there is any property in the hands of the personal representative that can be subjected to the creditor's legal claim, is to be evidenced, as a general rule, by a common-law judgment and return of "no property." To this rule there are some exceptions, such as the non-residence of the debtor, a discharge in bankruptcy, or other adjudication, by a court of competent jurisdiction, that the legal remedy is ineffectual.

This was the recognized rule in this state prior to the Act of 1838 (3 Vol. Statute Laws, 116) which gave jurisdiction to a Court of Equity to set aside a fraudulent conveyance, "whether the debt be or be not due, or be or be not in judgment," and since the adoption of the Code of Practice the same rule has been re-adopted and uniformly followed, because, as we have adjudged, the Code repealed the Act of 1838 and left the jurisdiction of a Court of Equity, in such cases, as it was prior to that act. In *Vance v. Campbell*, 3 Ky. Law 448, 11 Ky. Opin. 368, this ourt said:

"There are two instances in which a creditor can go into a Court of Equity for the purpose of setting aside a fraudulent conveyance and for the purpose of subjecting the property to the payment of his debt. One is where he proceeds by attachment upon the grounds specified in sub-section 7, of section 194 of the Civil Code, and the other is where he has first reduced his claim to judgment and had return of "no property."

In the latter case of *Martz v. Pfieffer*, 80 Kentucky 600, the same rule is adopted, and the cases of *Haskell v. Wynne & Co.*, 3 Ken-

tucky Law Reporter, 54; *Napper &c. v. Yager, &c.,* 79 Kentucky 241; and *Evans v. Reay,* 3 Kentucky Law Reporter 193; and *Barton v. Barton,* 80 Kentucky 212, enunciate the same rule.

Counsel for appellant attempts to avoid the effect of the rule by insisting that he is properly in equity by virtue of section 10, article 1, chapter 44, of the General Statutes, which authorizes an action in equity against an "heir or devisee" to subject any property "descended or devised" and that being so in equity he may attack the conveyance as fraudulent without having judgment and return of "no property." If he was in equity for any purpose, that might be done, but the section of the statute referred to does not authorize a suit in equity except to subject property "descended or devised." It does not apply to property held by conveyance. The rule as to equity jurisdiction in such cases applies as well when the debtor is dead as when he is living. The legal remedy is as ample against the estate in the hands of the personal representative as against the estate of the living debtor. In each case the legal remedy must be first exhausted.

Judgment *affirmed.*

*E. E. McKay, William Lindsay, for appellants.*

*Russell & Helm, Bullock & Anderson, W. O. and J. L. Dodd, for appellees.*

[Cited, *Blake v. Ray,* 110 Ky. 719, 62 S. W. 531.]